UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DEAN DUNAWAY | * | CIVIL ACTION |
| VERSUS | * | NO.: |
| INTERNATIONAL OFFSHORE SERVICES, LLC and FERRY HOLDINGS, LLC | * | SECTION: |
| * * * * * * * * | | MAGISTRATE: |

## **COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes DEAN DUNAWAY, a person of full age of majority and a resident of the Parish of Lafayette, State of Louisiana, and for his Complaint, he respectfully avers as follows:

I.

Plaintiff is an American seaman and brings this action pursuant to Title 46 U.S.C. 30104 and pursuant to the general maritime law of the United States.

II.

Plaintiff, DEAN DUNAWAY, at all times pertinent hereto, was a person of the full age of majority and resident of Lafayette, Louisiana.

III.

At all time pertinent hereto, Defendant, INTERNATIONAL OFFSHORE SERVICES, LLC., was and is a corporation with its principal place of business in Louisiana located in Larose, Louisiana.

At all time pertinent hereto, Defendant, FERRY HOLDINGS, LLC., was and is a corporation with its principal place of business in Louisiana located in Houma, Louisiana.

1

IV.

At all times pertinent hereto, defendants were the employer of Plaintiff, DEAN DUNAWAY, and/or the owner and/or operator of the M/V INT'L ANGEL on the navigable waters of the United States of America within the jurisdiction of this Honorable Court.

V.

At all times pertinent hereto, Plaintiff, DEAN DUNAWAY, was employed by the defendants as a seaman and member of the crew of the M/V INT'L ANGEL and acting within the course and scope of his employment as a captain on said vessel.

VI.

On or about June 21, 2013, Plaintiff, DEAN DUNAWAY, was injured when he was hit in the face by equipment aboard the vessel.

VII.

Plaintiff was in no manner negligent. On information and belief, Plaintiff alleges that the sole and proximate cause of his injuries, as described herein, was the negligence and/or failure of the Defendants, and their servants and/or agents, in carrying out their obligations and duties, individually and concurrently and/or the unseaworthiness of the vessel named herein for one or more of the following respects:

1. Failing to provide Plaintiff with a safe place in which to work;
2. Failure to warn the plaintiff;
3. Failure to warn plaintiff of the dangerous and unsafe conditions of the vessel;
4. Failure to exercise reasonable care in discovering and correcting any and all unsafe conditions existing on the vessel;
5. Creation and maintenance of an unseaworthy vessel, and failure to properly maintain the vessel;

6. Failure to provide plaintiff with the proper equipment and/or personnel to accomplish his job in a reasonably safe manner;

7. Failure to properly train employees, and/or hiring and/or retaining careless and/or unskilled employees

8. Breach of legally imposed duties of reasonable care owed by the defendant(s) to the plaintiff;

9. Failure to provide prompt and adequate medical care, treatment, maintenance and cure, thereby causing additional paind and suffering and damages;

10. Other acts of negligence and conditions of unseaworthiness to be proven at the trial of this case.

VIII.

As a result of the above and foregoing enumerated negligent acts and/or unseaworthy conditions, Plaintiff, DEAN DUNAWAY, sustained severe bodily injuries, including fractures to his facial bones, contustions, lacerations, nerve damage, and other injuries to the bones, muscles and joints, organs and tissues among other component parts of his body.

IX.

As a result of the above and foregoing enumerated negligent acts and/or unseaworthy conditions, Plaintiff, DEAN DUNAWAY, has sustained damages in one or more of the following categories, to-wit:

1. Past and future medical expenses;

2. Past and future wage loss or diminution of earning capacity;

3. Past and future physical and mental pain and suffering;

4. Past and future loss of household services;

5. Punitive/exemplary damages as may be allowed under the general maritime law;

6. Other damages to be shown at the trial of this matter.

X.

Pleading further, in the alternative, if it be shown that Plaintiff, DEAN DUNAWAY, was suffering from some pre-existing injury, disease and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

XI.

Plaintiff, DEAN DUNAWAY, would show that on the above mentioned dates, he was injured while in the service of the vessel named herein.  As a result, Defendants had and continues to have a non-delegable duty to provide the Plaintiff, DEAN DUNAWAY, with maintenance and cure benefits.  Plaintiff, DEAN DUNAWAY, would show that he has not reached maximum medical improvement and that Defendants' duty continues.  The maintenance rate owed to Plaintiff, DEAN DUNAWAY, by defendants is upon information and belief approximately $50.00 (FIFTY AND 00/100 DOLLARS) per day.

XII.

Should Defendants unreasonably, willfully, wantonly arbitrarily and/or capriciously deny payment and/or unreasonably, willfully, wantonly, arbirtartily and/or caprciously delay payment for maintenance and/or cure or pay an insufficient amount, then Defendants are legally liable to Plaintiff, DEAN DUNAWAY, for compensatory damages, attorney's fees, costs and exemplary/punitive damages.

XIII.

Plaintiff respectfully prays for a trial by jury on all issues presented herein.

WHEREFORE, premises considered, Plaintiff, DEAN DUNAWAY, prays that this Complaint be deemed good and sufficient, and after due proceedings had and the expiration of all legal delays herein:

1. There be judgment in favor of the plaintiff, DEAN DUNAWAY, and against Defendants, INTERNATIONAL OFFSHORE SERVICES, LLC and FERRY HOLDINGS, LLC, in an amount to be determined by the trier of fact, pre-judgment interest from the date of occurrence and other legal interest as allowed by law until paid, and for all costs of Court;

2. There be a judgment rendered herein in favor of the plaintiff and against the defendants for maintenance and cure benefits, past, present, and future at a daily rate of FIFTY ($50.00) DOLLARS, or such amount as plaintiff proves to be legally entitled to, plus interest from the date of occurrence and other legal interest as allowed by law until paid, all costs of Court, and reasonable attorney's fees therefore, all in a true sum to be determined at the trial of this case;

3. There be judgment herein in favor of the plaintiff and against the defendants for for compensatory damages, attorney's fees, costs and exemplary/punitive damages for any willful, wanton, arbitrary, and/or capricious, failure and/or refusal to pay and/or delay in paying plaintiff's maintenance and cure benefits, in an amount to be determined at trial, together with interest from the date of occurrence, a reasonable attorney's fee, and all costs of these proceedings;

4. For any and all other relief which the law and justice provide.

RESPECTFULLY SUBMITTED:

\_\_s/ David C. Whitmore_____
LAWRENCE BLAKE JONES  (7495)
DAVID C. WHITMORE      (17864)
SCHEUERMANN & JONES, LLC
701 Poydras Street, Suite 4100
New Orleans, LA 70139
Telephone:  (504) 525-4361
Facsimile:  (504) 525-4380